IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIE RAY | § | |
| v. | § | CIVIL ACTION NO. 6:15cv872 |
| STATE OF TEXAS | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Willie Ray, proceeding *pro se*, filed this petition for the writ of error *coram nobis* complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Ray was convicted of aggravated assault on September 11, 2003, in the Seventh Judicial District Court of Smith County, Texas, receiving a sentence of 45 years in prison. His conviction was affirmed by the Twelfth Judicial District Court of Appeals on August 11, 2004. No petition for discretionary review was filed at that time, but Ray was later allowed to file an out-of-time petition for discretionary review, which was refused on May 10, 2006. *See Ray v. State*, slip op. no. 12-03-00337-CR, 2004 WL 1795376 (Tex.App.-Tyler, August 11, 2004, pet. ref'd).

After seeking state habeas corpus relief to no avail, Ray filed a federal habeas corpus petition challenging this conviction. *Ray v. Director, TDCJ-CID*, civil action no. 6:08cv149, 2010 WL 4720403 (E.D.Tex., dismissed November 15, 2010). Ray appealed this dismissal and the Fifth Circuit Court of Appeals denied his request for a certificate of appealability, determining that Ray

failed to make a substantial showing of the denial of a federal right. *Ray v. Thaler*, slip op. no. 10-41228 (5th Cir., April 6, 2011).

In his present petition for the writ of error *coram nobis*, Ray asserts that the probable cause affidavit is fundamentally defective and there are non-waivable structural errors of fundamental character including allegations that the affiants did not appear before a notary or were sworn under oath and signature, the lack of notarization of the probable cause affidavit rendered the trial court without jurisdiction, and Ray was actually or constructively denied counsel at a critical pre-trial suppression hearing and on appeal.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report explaining that the writ of error *coram nobis* is an ancient common law remedy designed to correct errors of fact. However, the Fifth Circuit has stated that "the writ of error *coram nobis* is not available in federal court to attack state criminal judgments." As a result, the Magistrate Judge concluded that Ray's petition for the writ of error *coram nobis* to attack a state criminal judgment was without merit.

The Magistrate Judge went to state that Ray's petition could not be construed as an application for habeas corpus relief because he has previously filed a federal habeas petition challenging the same conviction. A petitioner seeking to file a second or successive habeas corpus petition must obtain permission to do from the Fifth Circuit Court of Appeals. *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010); 28 U.S.C. §2244(b). The on-line records of the Fifth Circuit Court of Appeals do not show that Ray has requested, much less received, such permission. The Magistrate Judge determined that Ray cannot evade this statutory requirement by couching the challenge to his petition in the form of a petition for writ of error *coram nobis*. *Alexander v. Thaler*, civil action no. 4:11cv2454, 2011 U.S. Dist. LEXIS 73626, 2011 WL 2680797 (S.D.Tex. July 7, 2011). Furthermore, even if the writ of error *coram nobis* could be used in federal court to challenge state convictions, it still would not be available to Ray because *coram nobis* relief may only be sought by former prisoners, not those still in custody. *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir.

2000); *United States v. Reed*, 378 F.App'x 434, 2010 U.S. App. LEXIS 9921, 2010 WL 1948366 (5th Cir., May 14, 2010), *citing United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). The Magistrate Judge recommended that Ray's petition for the writ of error *coram nobis* be denied.

### III. Ray's Objections to the Report

In his objections, Ray asserts that the Magistrate Judge did not contend that his allegations of fact were without merit. He claims there is no dispute in the Report that there were no facts to put before a grand jury or a trial court, without a valid jurisdictional probable cause affidavit. Thus, Ray maintains that the equitable authority of the federal court would certainly compel relief through Ray's petition.

Ray argues that he has shown the compelling circumstances necessary for a grant of *coram nobis* relief because he has demonstrated that the trial court had no legal jurisdiction to proceed. Ray's objections do not mention the Magistrate Judge's conclusion that the writ of error *coram nobis* cannot be used to challenge state criminal convictions in federal court, nor that *coram nobis* is not available to persons still in custody. Because Ray cannot challenge his conviction through a petition for the writ of error *coram nobis*, his objections are without merit.

### IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition for the writ of error *coram nobis* is **DISMISSED WITH PREJUDICE**. The dismissal of this petition shall not affect the Petitioner's right to seek

permission from the Fifth Circuit Court of Appeals to file a second or successive petition for the writ of habeas corpus. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **6** day of **March, 2017.**

_____
Ron Clark, United States District Judge